IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


TISHURA S.,[1]                                              No. 6:19-cv-781-MO

                         Plaintiff,                         OPINION & ORDER

            v.

COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION,

                         Defendant.


MOSMAN, District Judge:

        This matter comes before me on Plaintiff Tishura S.'s Complaint [ECF 1] against

Defendant Commissioner of the Social Security Administration. For the reasons given below, I

REVERSE the Commissioner's decision and REMAND this case for further proceedings.

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of
the nongovernmental party in this case.

## PROCEDURAL BACKGROUND

On September 26, 2012, Plaintiff applied for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and VI of the Social Security Act, alleging disability beginning September 1, 2010. Tr. 251, 255. The Social Security Administration ("SSA") denied her claim initially and upon reconsideration. Tr. 21, 135, 140, 148. Plaintiff appeared and testified at a hearing held on March 12, 2015, before Administrative Law Judge (ALJ) Robert P. Kingsley. Tr. 41-80. On April 23, 2015, ALJ Kingsley issued a decision finding that Plaintiff had not been under a disability at any time from September 1, 2010, through the date of the decision. Tr. 18-40. On appeal, the United States District Court ordered the case be reversed and remanded for further consideration of Plaintiff's testimony and the medical evidence. Tr. 1076-77. Plaintiff then appeared and testified at a July 23, 2018, hearing before ALJ S. Andrew Grace. Tr. 1000-1041. On August 14, 2018, ALJ Grace issued a decision finding that Plaintiff had not been under a disability at any time from the alleged onset date through the date of the decision. Tr. 965-999. Plaintiff filed an appeal, and the Appeals Council denied review. Tr. 958.

## THE ALJ'S FINDINGS

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since September 1, 2010, the alleged onset date. Tr. 971. At step two, the ALJ determined that Plaintiff had the following severe impairments: obesity; history of carpal tunnel syndrome, status post-surgical repair; mild ulnar neuropathy; history of drug and alcohol abuse (DAA); degenerative disc disease; dysthymic disorder; adjustment disorder; migraine; schizoaffective disorder; and anxiety. Tr. 971. At step three, the ALJ found no impairment that met or equaled

the severity of any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 972. The

ALJ assessed Plaintiff's residual functional capacity ("RFC"), as follows:

> She is able to frequently handle and finger bilaterally; she should avoid
> concentrated exposure to hazards; she is limited to simple, routine, repetitive
> tasks, consistent with unskilled work; she can have occasional contact with the
> public and with co-workers; she is limited to low stress work, which is defined as
> work requiring few decisions or changes.

Tr. 984.

At step four, the ALJ determined that Plaintiff was unable to perform any past relevant

work. Tr. 987. At step five, the ALJ determined that if Plaintiff stopped her substance abuse, she

would be capable of performing representative occupations such as production line solderer,

electrical accessories assembler, and table worker. Tr. 987-988. The ALJ therefore found

Plaintiff not disabled between the protective filing date, September 26, 2012, and the date of his

decision. Tr. 988.

## LEGAL STANDARD

Courts must uphold the ALJ's decision if it "was supported by substantial evidence and

based on proper legal standards." *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007). Substantial

evidence is "more than a mere scintilla," and means only "such relevant evidence as a reasonable

mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148,

1150 (2019) (internal quotation marks omitted). When "evidence is susceptible of more than one

rational interpretation ... the ALJ's conclusion ... must be upheld." *Burch v. Barnhart*, 400 F.3d

676, 679 (9th Cir. 2005). Errors in the ALJ's decision do not warrant reversal if they are

harmless. *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006).

## DISCUSSION

Plaintiff raises one issue with the ALJ's decision. She contends that the ALJ improperly rejected the opinion of the consultative medical examiner, Dr. Manuel Gomes, PhD.

## I.    Medical Opinion Evidence

An ALJ must consider, evaluate, and explain the weight he gave the opinions of medical professionals who saw the claimant or reviewed her records in a professional capacity. 42 U.S.C. § 405(b)(1); 20 C.F.R. §§ 416.927(b), (d) & (e); SSR 6-03p, available at 2006 WL 2329939. For claims filed before March 17, 2017, the Ninth Circuit distinguishes between the opinions of three types of physicians: treating physicians, examining physicians, and non-examining physicians. The opinions of treating physicians are generally accorded greater weight than the opinions of non-treating physicians. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).

To reject the uncontroverted opinion of a treating or examining doctor, the ALJ must present clear and convincing reasons supported by substantial evidence. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) (citation omitted). At a slightly lower threshold, an ALJ can reject an examining physician's report that is contradicted by the opinion of another physician for "specific, legitimate reasons." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). After identifying a conflict between medical opinions, the ALJ must provide a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation of the evidence, and making findings. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). Specific, legitimate reasons for rejecting a physician's opinion may include its reliance on a claimant's discredited subjective complaints, inconsistency with the medical records, inconsistency with a claimant's testimony, or inconsistency with a claimant's activities of daily living. *Id.* at 1040.

Dr. Manuel Gomes, PhD completed a psychological consultative examination of Plaintiff on April 5, 2017. Tr. 1708-18. Dr. Gomes reviewed records from Bridgeway Recovery Services, New Perspectives Center for Therapy and Counseling, and a Function Report, and performed his own mental status examination. Tr. 1710, 1714-16. Dr. Gomes diagnosed Plaintiff with schizoaffective disorder, other somatic complaints, generalized anxiety, and other polysubstance abuse, in early remission. Tr. 1716. Dr. Gomes gave a functional assessment in which he determined how well Plaintiff would be able to handle numerous work activities including: ability to perform simple and repetitive tasks; ability to perform detailed and complex tasks; ability to accept instructions from supervisors; ability to interact with coworkers and the public; ability to perform work activities on a consistent basis without special or additional instruction; ability to maintain regular attendance in the workplace; ability to complete a normal workday/workweek without interruptions from psychiatric condition; and ability to deal with the usual stress encountered in the workplace. Tr. 1717-18. In each of these work activities, Dr. Gomes determined that Plaintiff would have difficulty, while giving additional reasoning to support the limitations.

The ALJ made several findings regarding Dr. Gomes's opinion. Tr. 979. First, the ALJ gave "particular weight" to Dr. Gomes's conclusion that Plaintiff would be able to perform simple and repetitive tasks. Tr. 979. The ALJ also credited Dr. Gomes's opinion that Plaintiff would have difficulty adapting to routine change when substance abuse is a factor. Tr. 979. But the ALJ rejected the portions of the opinion that suggested Plaintiff would be limited when interacting with others, maintaining attendance, and consistently completing a workday or workweek when sober and in treatment. Tr. 979. The ALJ rejected these aspects of Dr. Gomes's opinion because the record showed that when Plaintiff engages actively in treatment and refrains

from substance abuse, "her overall mental functioning improves substantially and her complaints decrease." Tr. 986. This was the only reason the ALJ gave for discounting Dr. Gomes's opinion that Plaintiff's mental health limitations would prevent her from performing key work functions like "performing consistently, interacting with others, maintaining attendance, and completing a normal workday or workweek without interruption." Tr. 986.

The ALJ failed to support his rejection of Dr. Gomes's opinion with substantial evidence. To reject the contradicted opinion of an examining physician like Dr. Gomes, the ALJ must state specific and legitimate reasons, supported by substantial evidence in the record. *Garrison*, 759 F.3d at 1012. The ALJ gave "less weight" to Dr. Gomes's opinion that Plaintiff would be unable to perform basic work tasks because her symptoms improved when she was able to stay sober. Tr. 979. This rationale fails for a few reasons. First, Dr. Gomes evaluated Plaintiff more than eight months into a period of sobriety, so his opinion about Plaintiff's significant limitations reflects Plaintiff's limitations *when sober*. Tr. 977. The ALJ's conclusion that Plaintiff was even further limited while on drugs does nothing to undermine Dr. Gomes's opinion. Second, the medical records the ALJ cites to show Plaintiff's improvement while sober do not justify rejecting Dr. Gomes's opinion either. The first is a May 2018 mental health appointment that showed Plaintiff was not currently having auditory hallucinations. Tr. 1766-68. Dr. Gomes's opinion was not based on the presence of hallucinations, however, and the rest of the results from the May 2018 appointment actually support—rather than undermine—Dr. Gomes's opinion. *See* Tr. 1766-68 (noting, during a period of sobriety, that Plaintiff "experiences physiological and psychological distress," "reports avoidance of people, places, events," and experiences depression and anxiety). The ALJ also cited four appointments from throughout 2017. Tr. 1779-86. Two of those appointments do not discuss mental health to any great degree, and the other

two diagnosed Plaintiff with schizoaffective disorder, which again supports Dr. Gomes's opined

limitations. Tr. 1780, 1782. In sum, the ALJ's stated rationale for discounting Dr. Gomes's

opinion is not supported by substantial evidence, and fails to show specific, legitimate reasons

for disregarding it.

   The ALJ's observation that Plaintiff's symptoms improved when she "engages actively in

treatment" and suggestion that she failed to seek adequate treatment for her mental health

impairments does not provide an adequate basis for rejecting Dr. Gomes's opinion either. An

"unexplained or inadequately explained failure" to seek treatment or follow prescribed treatment

can be a valid reason to discount a claimant's testimony, because it suggests the claimant does

not find her impairments disabling. *See Trevizo v. Berryhill,* 871 F.3d 664, 679-80 (9th Cir.

2017). But it not substantial evidence to discount an examining physician's opinion. *See Nguyen*

*v. Chater*, 100 F.3d 1462, 1465 (9th Cir.1996) (claimant's failure to seek treatment is not a

legitimate reason to reject psychologist's opinion); *see also Daniele P. v. Comm'r of Soc. Sec.,*

2020 WL 3250294, at *5 (D. Or. June 16, 2020) (finding the ALJ erred when he "conflated the

standard for evaluating a treating physician's opinion with the standard for evaluating subjective

symptom testimony of the Plaintiff"). Moreover, the Ninth Circuit has "particularly criticized the

use of a lack of treatment to reject mental health complaints both because mental illness is

notoriously underreported and because it is a questionable practice to chastise one with a mental

impairment for the exercise of poor judgment in seeking rehabilitation." *Regennitter v. Comm'r*

*of Soc. Sec. Admin.*, 166 F.3d 1294, 1299–300 (9th Cir. 1999) (finding error in rejecting doctor's

opinion based on lack of treatment). The ALJ erred in relying on Plaintiff's failure to seek

treatment as a rationale to reject Dr. Gomes's opinion.

Even if failure to seek or follow treatment were adequate to discount an examining doctor's opinion, an ALJ must consider a claimant's reasons for such failure. *See Trevizo*, 871 F.3d at 679-80. Here, plaintiff testified that she had been to "literally every mental health clinic in this town" and "c[ouldn't] go back to a lot of them" because of issues related to her homelessness and her mental health problems themselves. Tr. 1017. Plaintiff's difficulty attending regular appointments tracks Dr. Gomes's diagnosis that her mental health problems render her incapable of consistently attending work. *See* Tr. 1117-18. The ALJ did not address Plaintiff's proffered explanation, but simply concluded that "the claimant was not receiving ongoing treatment, as she had gone to a total of 3 mental health treatment visits" between May 2017-2018. Tr. 985. The ALJ also concluded that it was "unclear from the records whether the claimant had continued taking her psychotropic medications," despite Plaintiff's testimony that she had been taking medication except for a two-week period when her medications were stolen. *See* Tr. 985, 1015-16. The ALJ then concluded that Dr. Gomes's opinion deserved less weight because Plaintiff's mental functioning improves substantially when she "actively engages in treatment." Tr. 986. If failure to seek treatment were a sufficient reason to discount an examining physician's opinion (and it is not), the ALJ did not fulfill the obligation to consider Plaintiff's reasons for not taking medications to treat her mental impairments, and erred in rejecting Dr. Gomes's opinion on this basis. *See Trevizo*, 871 F.3d at 679-80.

## II.    Remand

When a court determines the Commissioner erred in denying benefits, the court may affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for a rehearing." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014) (quoting 42 U.S.C. § 405(g)). In determining whether to remand  for further proceedings or the

immediate payment of benefits, the Ninth Circuit employs the following "credit-as-true" standard when the following requisites are met: (1) the ALJ has failed to provide legally sufficient reasons for rejecting evidence; (2) the record has been fully developed and further proceedings would serve no useful purpose; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the plaintiff disabled on remand. *Garrison*, 759 F.3d at 1020. If all three requisites are met, the court may remand for benefits. *Id*. However, even if all of the requisites are met, the court may still remand for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled." *Id.* at 1021.

Here, the first requisite is met because the ALJ erroneously rejected portions of Dr. Gomes's medical opinion. With respect to the second requirement, the record appears to be fully developed; however, it is the ALJ's responsibility to resolve conflicts and ambiguities, such as the conflicts between Dr. Gomes's opinion about Plaintiff's inability to attend work, interact with others, or complete a normal workday (Tr. 1708-18) and Doctors Joshua Boyd and Martin Lahr's opinions that Plaintiff would be able to maintain concentration for simple and routine tasks on a regular basis. *See* Tr. 979. Therefore, this case is reversed and remanded for further proceedings so that the ALJ can reconcile the conflicting medical evidence, and reformulate the RFC if necessary.

## CONCLUSION

For the reasons given above, I REVERSE the Commissioner's decision and REMAND this case for further proceedings.

IT IS SO ORDERED.

DATED: _____10/19/2023_____.


_Michael W. Mosman_____
MICHAEL W. MOSMAN
United States District Judge